| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF CALIFORNIA<br>OAKLAND DIVISION | |
| SAND HILL ADVISORS, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SAND HILL ADVISORS, LLC, a California limited liability company,<br><br>　　　　　　Defendant. | Case No:  C 08-5016 SBA<br><br>**AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Dkt. 61, 64, 84, 85 |

The parties are presently before the Court on Defendant's motion for de novo determination of Magistrate Judge Maria Elena James' report and recommendation to deny Defendant's motion for attorneys' fees. Having reviewed the motion papers submitted and reviewed the file in this matter, the Court ADOPTS the recommendation of the Magistrate and DENIES Defendant's motion for attorneys' fees. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    BACKGROUND

The parties are familiar with the facts of this case, which are summarized herein as they are pertinent to the issues that remain before this Court. Plaintiff is a so-called "wealth management" firm that caters to high net worth individuals. Though existing in various incarnations since 1982, in March 1995, Plaintiff changed its name to "Sand Hill Advisors, Inc." At that time, Plaintiff's offices were located at 3000 Sand Hill Road, Menlo Park, California.

In or about 2000, Boston Private Financial Holdings ("Boston Private") acquired a financial interest in Plaintiff. As a result, Plaintiff changed its state of incorporation from

California to Delaware.  Years later, certain members of Plaintiff's management sought to reacquire their equity stake from Boston Private, which prompted Plaintiff to reorganize as a Delaware limited liability company.  To reflect this change, Plaintiff then sought to change its name from "Sand Hill Advisors, Inc." to "Sand Hill Advisors, LLC."  Plaintiff attempted to register its new name with the California Secretary of State, but was informed that Defendant had previously registered the name with the State in 1999.

Defendant is a California limited liability company located in Los Altos, California, formed by business partners Bert Sandell and Albert Hill, Jr.  Messrs. Sandell and Hill filed their Limited Liability Company Articles of Organization with the California Secretary of State on April 27, 1999.  Messrs. Sandell and Hill selected the name "Sand Hill" by combining the first four letters of Mr. Sandell's last name with Mr. Hill's last name.  Defendant's business focuses on purchasing, holding, selling, managing and leasing commercial real estate in the San Francisco Bay Area solely for its own investment purposes.  Defendant does not provide any services to the public and has never provided any financial, investment or any other advice to any third party.

### A.   PROCEDURAL HISTORY

On November 4, 2008, Plaintiff filed suit against Defendant in this Court, alleging a single claim for service mark infringement under the Lanham Act.  On November 19, 2009, Defendant filed a Motion for Summary Judgment.  The Court conducted an hour-long hearing on the motion on January 12, 2010.  On January 26, 2010, the Court issued its Order granting summary judgment in favor of Defendant.[1]  See Order Granting Def.'s Mot. for Summ. J. ("MSJ Order"), Dkt. 57.

On February 9, 2010, Defendant filed a motion for attorneys' fees, which was referred to Magistrate Judge James ("the Magistrate").  See Order of Reference, Dkt. 64.  After considering the motion on the papers submitted, the Magistrate issued a thorough, fourteen-page order in which she recommended denying Defendant's motion.  See Report

---

[1] Plaintiff has since changed its name to Sand Hill Global Advisors LLC.  Pl.'s Opp'n at 6.

and Recommendation Re: Def.'s Mot. for Attorneys' Fees ("R&R"), Dkt. 84. In particular, she concluded that Plaintiff had presented plausible grounds for its lawsuit and otherwise rejected Defendant's contention that this was an "exceptional" case warranting a fee award under the Lanham Act, 15 U.S.C. § 1117(a). Defendant now moves this Court for a de novo determination of the Magistrate's recommendation, and requests that the Court grant its motion for attorneys' fees. The matter has been fully briefed, and is now ripe for determination.

## II. LEGAL STANDARD

A district court judge may refer a matter to a magistrate judge to conduct a hearing, including an evidentiary hearing, and to thereafter issue findings of fact and recommendations for the disposition of the matter. 28 U.S.C. § 636(b)(1)(B), (C); Fed.R.Civ.P. 72(b)(1); Civ. L.R. 72-3. Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); see Fed.R.Civ.P 72(b). The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Fed.R.Civ.P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

## III. DISCUSSION

### A. ATTORNEYS' FEES UNDER THE LANHAM ACT

The court has the discretion under Lanham Act to award attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "Exceptional circumstances can be found when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) (internal

1  quotation marks omitted).  A claim is unreasonable or groundless for purposes of a
2  permissible award of fees only if it is frivolous and fails to raise colorable or debatable
3  issues.  Applied Info. Sciences Corp. v. eBay Inc., 511 F.3d 966, 973 (9th Cir. 2007).
4  Thus, if the claim raises "debatable issues of law and fact," then it cannot be said that the
5  case is an "exceptional" one warranting an award of attorney fees.  Stephen W. Boney, Inc.
6  v. Boney Servs., Inc., 127 F.3d 821, 827 (9th Cir. 1997).  The Ninth Circuit construes the
7  "exceptional cases" requirement narrowly.  Classic Media, Inc. v. Mewborn, 532 F.3d 978,
8  990 (9th Cir. 2008).

9       A case is not exceptional simply because the court granted summary judgment;
10 otherwise, every Lanham Act case in which a summary judgment motion was granted
11 would be considered an "exceptional" case.  See Stephen W. Boney, 127 F.3d at 827
12 (holding that case was not exceptional notwithstanding grant of summary judgment); CG
13 Roxanne LLC v. Fiji Water Co. LLC, No. C-07-02258 RMW, 2008 WL 4542803 at *2
14 (N.D. Cal. Oct. 10, 2008) ("prevailing on the merits alone does not create a presumption
15 that the suit was vexatious or in bad faith").  The party seeking a fee award bears the
16 burden of proving exceptional circumstances by "compelling proof."  Applied Info.
17 Sciences Corp., 511 F.3d at 973.  "Not surprisingly, under this standard, defendants are
18 'rarely' awarded attorney fees in trademark infringement cases."  Yellow Cab Co. of
19 Sacramento v. Yellow Cab Co. of Elk Grove, Inc., No. CIV S-02-0704 FCD DAD, 2007
20 WL 988054 at *2 (E.D. Cal. Mar. 30, 2007) (citations omitted).

21     **B.**    **BAD FAITH**

22      Defendant contends that Plaintiff filed this lawsuit in bad faith, ostensibly because it
23 pursued the action knowing that it had no protectable mark.  Def.'s Mot. at 3.  In general,
24 there are three ways in which a plaintiff can establish that it has a protectable interest in a
25 service mark or trademark:  "(1) it has a federally registered mark in goods or services; (2)
26 its mark is descriptive but has acquired a secondary meaning in the market; or (3) it has a
27 suggestive mark, which is inherently distinctive and protectable."  Applied Info Sciences
28 Corp., 511 F.3d at 969-970.  Where the mark is not registered, as in the instant case, a

plaintiff must establish that its mark either is inherently distinctive, or has acquired distinctiveness through secondary meaning.  See Lahoti v. VeriCheck, Inc., 586 F.3d 1190, 1197 (9th Cir. 2009).

According to Defendant, Plaintiff supposedly knew that it had no protectable mark because it did not seek to register its mark with the United States Patent and Trademark Office until 2008, even though it had been using the SAND HILL ADVISORS mark since 1995.  In addition, Defendant asserts that the only reason Plaintiff commenced this action was to obtain the right to register its mark with the California Secretary of State.  However, the cited deposition excerpts of Gary Conway, one of Plaintiff's founders, do not support Defendant's argument.  As the Magistrate correctly found, Mr. Conway merely stated that he recalled having raised the issue of seeking trademark protection with co-founder Jane Williams and the company's outside counsel.  See Davidson Decl. Ex. C at 80:1-82:9, Dkt. 62-3.  All that Mr. Conway could state was that he raised the issue with them; beyond that vague recollection, however, Mr. Conway unequivocally stated that he could not remember what he discussed with them specifically.  Id. at 80:15, 81:21-22.  Thus, despite Defendant's protestations the contrary, Mr. Conway's deposition testimony does not show that Plaintiff "knew" that it lacked a protectable mark.

In addition, the record does not support Defendant's assertion that the *only* reason Plaintiff filed suit was to "force it to surrender its business registration" in California.  Def.'s Mot. at 6.  While that may have been one of Plaintiff's motivations, Defendant cites no authority to support the conclusion that such a desire is sufficient to justify the imposition of attorneys' fees under the Lanham Act.  In addition, Defendant ignores the evidence proffered by Plaintiff, and cited by the Magistrate, that Plaintiff desired to protect the goodwill that it believed it had established by operating under the Sand Hill Advisors name.  See, e.g., Williams Decl. ¶¶ 15-20, Dkt. 44; Davidson Decl. Ex. E at 128:22-129:1, Dkt. 62-5; see also R&R at 6-7, Dkt. 84.  Plaintiff's desire to protect such interests is a legitimate one.  See Stephen W. Boney, 127 F.3d at 827 (finding that plaintiff had a

1  "legitimate objective" in filing suit "to 'preserve the right to use the name if and when I
2  want to use it'").

### C. GROUNDLESS OR UNREASONABLE

#### 1. Suggestive Mark

Defendant next argues that Plaintiff lacked any objective basis upon which to claim that SAND HILL ADVISORS is a suggestive mark entitled to protection under the Lanham Act. Def.'s Mot. at 8-9. As the Court explained in its summary judgment ruling, the amount of protection accorded to a particular mark is a function of its distinctiveness. "Marks are often classified in categories of generally increasing distinctiveness; . . . they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992). Broadly speaking, suggestive, arbitrary and fanciful marks are entitled to protection, whereas a descriptive mark is not— unless it has acquired distinctiveness through secondary meaning. See Lahoti, 586 F.3d at 1196.

Defendant argues that Plaintiff lacked a reasonable basis for claiming that SAND HILL ADVISORS was suggestive or had acquired secondary meaning. As an initial matter, Defendant argues that since Plaintiff's founders acknowledged choosing SAND HILL ADVISORS because of its geographical significance, i.e., the company's then new location on Sand Hill Road in the heart of the Silicon Valley, Plaintiff was foreclosed from arguing that the SAND HILL ADVISORS mark was anything other than descriptive. Def.'s Mot. at 8-9. However, the issue was not as simple as Defendant now purports it to be. As set forth in the Court's summary judgment order, Defendant raised a number of potentially viable arguments to show that its mark is suggestive, notwithstanding Plaintiff's acknowledgement. Though the Court ultimately rejected each of Plaintiff's contentions, that alone does not support the conclusion that its position that the mark at issue was suggestive was frivolous.

### 2. Secondary Meaning

Defendant also asserts that Plaintiff lacked evidence to support its alternative claim that even if SAND HILL ADVISORS were descriptive, such mark had gained secondary meaning. Def.'s Mot. at 10-11. "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1145 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added). Defendant argues that Plaintiff presented no evidence to support its claim of secondary meaning. Not true. The record confirms that Plaintiff proffered evidence regarding it various marketing and promotional efforts using the SAND HILL ADVISORS name. See MSJ Order at 13-14, Dkt. 57. Though ultimately concluding that such evidence was insufficient to establish a issue of fact regarding secondary meaning, the Court did not find that Plaintiff's position was groundless or baseless.

Equally unpersuasive is Defendant's contention that Plaintiff had no basis upon which to rely on section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), to establish a presumption of secondary meaning. Def.'s Mot. at 12-13. That section states, in relevant part, as follows: "The Director may accept as prima facie evidence that the mark has become distinctive, as used on or in connection with the applicant's goods in commerce, proof of substantially *exclusive and continuous* use thereof as a mark by the applicant in commerce for the *five years* before the date on which the claim of distinctiveness is made." 15 U.S.C. § 1052(f) (emphasis added). In opposing Defendant's summary judgment motion, Plaintiff argued that the presumption applied because it allegedly has been using the SAND HILL ADVISORS mark exclusively and continuously since March 29, 1995, and that Defendant did not begin using the mark until 2005, which more than five years after Plaintiff's date of first use. Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 16-17, Dkt. 42. The Court found that § 2(f) was inapplicable because the mark was unregistered.

Alternatively, the Court concluded that even if § 2(f) were germane, Plaintiff had failed to demonstrate the requisite five years of exclusive and continuous use. See MSJ Order at 11-12, Dkt. 57.

As above, the mere fact that the Court disagreed with Plaintiff's interpretation of § 2(f) does not ipso facto lead to the conclusion that Plaintiff's arguments were "baseless." Def.'s Mot. at 12, Dkt. 85. Although it is clear from a plain reading of § 2(f) that it does not apply to *unregistered* marks, Defendant did not specifically make such an argument. As such, Defendant is hard pressed to criticize Plaintiff for making an erroneous argument when Defendant itself failed to recognize that error in its papers. As for the issue of whether Plaintiff could establish the requisite five years of continuous and exclusive use, the Court finds that Defendant raised a colorable argument in support of such a claim. Though acknowledging that Defendant had used the SAND HILL ADVISORS mark sometime after its formation in 1999, Plaintiff argued that such use was insufficient to show "use in commerce" for trademark purposes. Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 16, Dkt. 42. Though Plaintiff was unsuccessful in pressing this point, the Court notes that Plaintiff's argument was not frivolous.[2]

### D. LIKELIHOOD OF CONFUSION

Finally, Defendant argues that Plaintiff's likelihood of confusion claim was "frivolous." Def.'s Mot. at 13-18. In a trademark infringement action, Plaintiff bears the burden of establishing that the defendant use of the same or similar mark is likely to cause confusion based upon consideration of the factors set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 448-49 (9th Cir. 1979). Here, after considering each of the Sleekcraft

---

[2] In passing, Defendant complains that the evidence relied upon by the Court regarding Plaintiff's failure to show five years of exclusive use under § 1052(f) appeared for the first time in Defendant's reply, and as such, "Plaintiff did not have the opportunity to respond in writing." Def.'s Opp'n at 12. This contention is misplaced. As an initial matter, Defendant appropriately submitted that evidence in direct response to arguments made by Plaintiff in its opposition. Defendant had the opportunity to challenge Plaintiff's evidentiary proffer at oral argument. Yet, at no time during the hour-long hearing on Defendant's motion did it take exception to the evidence at issue or request leave to submit a written response thereto. As such, Plaintiff's complaint about not having had the opportunity to respond to Plaintiff's evidence has been waived.

factors, the Court concluded that while Plaintiff and Defendant share the same mark, they offer completely distinct services to distinct consumers in separate markets, and there was but a paucity of evidence of actual confusion.  Notwithstanding that finding, the Court disagrees with Defendant that Plaintiff's arguments were "frivolous."  Def.'s Mot. at 13-18. Given that Plaintiff and Defendant used the same mark in the same general geographical area, Plaintiff's position that the parties' simultaneous use of the SAND HILL ADVISORS mark was likely to cause confusion was certainly arguable.  The fact that the Court concluded that the Sleekcraft factors supported Defendant's position does not render Plaintiff's claim groundless or unreasonable.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. The recommendation of the Magistrate is ADOPTED and Defendant's Motion for Attorneys' Fees is DENIED.

2. This Order terminates all pending matters in the Docket.

3. This amended Order supersedes Docket 91.

IT IS SO ORDERED.

Dated: September 16, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge